IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF MISSISSIPPI

(Southern Division)

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br>v.<br><br>STEWART GAMMILL III, and<br>LYNN CROSBY GAMMILL,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil No. 1:12cv134 HSO-RHW |

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
APR 30 2012
J T NOBLIN CLERK
BY_____ DEPUTY

## COMPLAINT

COMES NOW, the United States of America, by authority of the Attorney General and acting at the request of the Administrator of the Environmental Protection Agency (EPA), and hereby alleges as follows:

## NATURE OF ACTION

1.  This is a civil action brought under Section 107(a) of the Comprehensive, Environmental Response, Compensation, and Liability Act, as amended ("CERCLA"), 42 U.S.C. § 9607(a). The United States seeks recovery of un-reimbursed costs incurred by the United States in responding to a release and/or threat of release of hazardous substances at the Picayune Wood Treating Superfund Site (Site), located in Picayune, Pearl River County, Mississippi. In addition, the United States seeks a declaratory judgment under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), that Defendants are jointly and severally liable for any future response costs incurred by the United States in connection with the Site.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action and the parties hereto pursuant to Sections 107(a) and 113(b) of CERCLA, 42 U.S.C. § 9607(a) and 9613(b), and pursuant to 28 U.S.C. §§ 1331 and 1345.

3. Venue is proper in this district pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and pursuant to 28 U.S.C. § 1391(b) and (c), because the threatened and/or actual releases of hazardous substances occurred, and the Site is located, in this district.

## DEFENDANTS

4. Stewart Gammill III was an owner/operator of Crosby Wood Preserving Company (Crosby Wood) during the years 1964 through at least 1970, but no later than 1973. Crosby Wood operated at the Site from 1964 to 1973.

5. Lynn Crosby Gammill is the present owner of an approximate 13 acre parcel that is included within the approximately 30 acres that currently comprises the Site.

## BACKGROUND

A. The Site

6. The Site is comprised of approximately 30 acres located generally at 403 Davis Street in Picayune, Pearl River County, Mississippi.

7. The Site was the location of several wood treating companies, which began operating as early as 1945 and continued until 1999. The companies that operated at the Site

were: Crosby Forest (1945 - 1964); Crosby Wood (1964 - 1973); and Wood Treating (1973 - 1999).

8. The wood treating process at the Site required injecting creosote or PCP wood preservative into wood products. Creosote and PCP were used until 1982, after which time only creosote was used.

9. There were several waste streams generated as part of the wood treating operations that led to contamination at the Site. The sludge that was generated from the treatment of process wastewater at the Site is classified as a hazardous waste pursuant to 40 C.F.R. § 261.32. The sludge in the trench impoundments and the wastewater in the cooling pond migrated vertically into the ground water. Additionally, drippings from the treated wood products, spills, and other losses of preservative caused contamination in the soil and ground water. Prior to 1971 process wastewater flowed through an unlined ditch along the facility to the Pearl River. As a result of wood treating operations at the Site, soil at the Site became contaminated with hazardous substances, including but not limited to, creosote, polycyclic aromatic hydrocarbons (PAHs), naphthalene, PCP, and dioxin. Groundwater at the Site was found to contain dense non-aqueous phase liquid (DNAPL).

10. As a result of releases or threatened releases of hazardous substances into the environment at the Site, the United States has incurred costs for response actions as defined in Section 101(25) of CERCLA, 42 U.S.C. § 9601(25), and was authorized by Section 104 of CERCLA, 42 U.S.C. § 9604, to respond to the release or threatened release of hazardous substances at the Site.

B. Response Actions at the Site

11. EPA's involvement with the Site began in the 1980s with the Resource Conservation and Recovery Act (RCRA) program's oversight of Wood Treating, Inc.'s remediation efforts at the Site. In October 1999, the RCRA program referred the Site to EPA's Superfund Emergency Response and Removal Branch (ERRB) for assessment.

12. From October 1999 through June 2001, ERRB conducted removal activities at the Site that included removal of contaminated surface waste water; stabilization and stockpiling of creosote sludge; staging or demolishing containers, drums, and tanks; disposal of asbestos and mercury; and installation of a fence surrounding the Site property.

13. EPA began a Remedial Investigation/Feasibility Study (RI/FS) at the Site in September 2002 and completed it in September 2007 with the issuance of the Record of Decision (ROD).

14. In July 2004, EPA listed the Site on the National Priorities List (NPL).

15. During the RI in July 2005, high levels of dioxin, PCB, and PAHs were found on the properties surrounding the Site.

16. In a September 7, 2006 Action Memorandum, ERRB proposed the following removal work to contribute to the remedial action plan: (1) conduct a health and safety plan, removal work plan, quality assurance and sampling plan, and community relations plan; (2) clear and grub the Site and excavate an area to be used for decontamination, staging, and support; (3) sample, profile, and dispose of excavated waste; (4) provide access control; (5)

4

implement stormwater improvements to prevent further off-site migration of contamination; (6) sample, profile, and dispose of stockpiled sludge and backfill; and (7) manage and treat stormwater run-off into Mill Creek.

17. On July 17, 2007, ERRB requested approval for a ceiling increase, a change in the scope of response, and a consistency exemption from the $2 million and 12-month statutory limitations for removal actions. The 2007 Action Memorandum proposed the following work: (1) completion of the work proposed in the September 2006 Action Memorandum; (2) removal of contaminated sediment from Mill Creek and stockpiling it on-Site; (3) removal of soil contamination from 46 parcels surrounding the Site and stockpiling it on-Site; (4) backfill as necessary; (5) provide temporary relocation as necessary; and (6) restoration of the Site, including some form of erosion control, repair or replace damaged property, and provide post-closure Site controls. That work was to contribute to the remedial action by addressing source contamination (PCP, PAHs, and dioxin) on surrounding residential properties. The removal work was completed by EPA on June 20, 2008.

18. EPA conducted the RI in five phases from January 2003, through July 2006. EPA completed the feasibility study (FS) in April 2007. In September 2007, EPA issued the Record of Decision (ROD) for the Site. For the soil remedy, EPA selected excavation, consolidation, and capping. As identified in the RI/FS, there are two groundwater contaminant plumes on the Site, the East plume and the West plume. EPA's selected ground water remedy includes constructing two source zone vertical barrier wall containment areas. The ROD requires the vertical barrier walls to encompass the majority of each plume and the use of in situ

chemical/biological treatment for the portions of the plumes that remain outside of the containment walls. EPA issued the final remedial design (RD) report in September 2009, which identified the exact design specifications for the implementation of the selected soil and ground water remedies. EPA began the remedial action (RA) in September of 2010.

## CLAIM FOR RELIEF

19. The allegations of Paragraphs 1-18 are realleged and incorporated herein by reference as if set forth in full.

20. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides, in pertinent part: " (I) the owner and operator of a vessel or a facility, (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of . . . shall be liable for -- (A) all costs of removal or remedial action incurred by the United States Government . . . not inconsistent with the national contingency plan . . ."

21. CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2), provides, in pertinent part: "In any such action [for recovery of costs] . . . , the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages."

22. Defendant Lynn Crosby Gammill is the current owner of a portion of the Site within the meaning of Section 101(20) of CERCLA, 42 U.S.C. § 9601(20), and Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1). Mrs. Gammill was also an officer, shareholder, or director at Crosby Forest Products Company and Crosby Wood.

23. Defendant Stewart Gammill III was an operator of the Site at the time of disposal of hazardous substances within the meaning of Section 101(20) of CERCLA, 42 U.S.C. § 9601(20), and Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2).

24. The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9), because it is a site or area where a hazardous substance has been deposited, stored, disposed of, or placed, or otherwise come to be located.

25. There have been "releases," or the substantial threat of releases, within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), of hazardous substances at or from the Site, including, but not limited to, releases or threatened releases of creosote, dioxin, arsenic and hazardous wastes, all of which are hazardous substances under CERCLA § 101 (14), 42 U.S.C. § 9601(14).

26. In response to the release or substantial threat of release of hazardous substances at the Site, the United States has taken response actions at the Site within the meaning of Section 101(25) of CERCLA, 42 U.S.C. § 9601(25), and has incurred unreimbursed response costs in connection with taking those response actions of approximately $30,000,000. Additional response costs have been and continue to be incurred, including enforcement costs.

27. The response actions taken, and the response costs incurred, by the United States at and in connection with the Site were not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300.

28. Defendants are jointly and severally liable to the United States pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for all un-reimbursed response costs incurred, and to be incurred, by the United States in connection with the Site, including enforcement costs and prejudgment interest on such costs.

29. Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), the United States is entitled to a declaratory judgment that each of the Defendants is jointly and severally liable for future response costs that the United States may incur in connection with the Site.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, the United States of America, respectfully requests that the Court:

1. Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), enter judgments against each Defendant, jointly and severally, in favor of the United States for all response costs incurred by the United States for response activities relating to the Site, including prejudgment interest;

2. Enter a declaratory judgment pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), that Defendants are liable under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for future response costs incurred at the Site.

//

//

3. Award the United States the costs of this action; and

4. Grant such other and further relief as the Court deems just and proper.

Dated: __4/27/12__

GREGORY K. DAVIS
United States Attorney for the
Southern District of Mississippi

CROCKETT LINDSEY (MS Bar ID No. 1265)
Assistant United States Attorney

*/s/ Ignacia S. Moreno*

IGNACIA S. MORENO
Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

*/s/ Karl J. Fingerhood*

KARL J. FINGERHOOD (PA Bar ID No. 63260)
Trial Attorney,
U.S. Department of Justice
Environmental Enforcement Section
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C.  20044-7611

Tel: (202) 514-7519
Fax: (202) 514-2583

E-Mail: karl.fingerhoood@usdoj.gov

Of Counsel:

STACEY HAIRE
Senior Attorney for Cost Recovery,
Office of Environmental Accountability
US EPA, Region 4
61 Forsyth Street, S.W.
Atlanta, GA  30303-8960
Phone (404) 562-9676