UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:12-cv-134 HSO-RHW |
| ) | |
| STEWART GAMMILL III, ) | |
| Defendant. ) | |

**CONSENT DECREE FOR THE PICAYUNE WOOD TREATING SUPERFUND SITE**

TABLE OF CONTENTS

I. BACKGROUND ........................................................................................................... 2
II. JURISDICTION .......................................................................................................... 2
III. PARTIES BOUND ...................................................................................................... 3
IV. DEFINITIONS ............................................................................................................ 3
V. STATEMENT OF PURPOSE ..................................................................................... 4
VI. PAYMENT OF RESPONSE COSTS ......................................................................... 5
VII. FAILURE TO COMPLY WITH CONSENT DECREE ............................................ 6
VIII. COVENANTS NOT TO SUE BY PLAINTIFF ........................................................ 8
IX. RESERVATION OF RIGHTS BY UNITED STATES .............................................. 8
X. COVENANTS NOT TO SUE BY SETTLING DEFENDANT ................................ 9
XI. EFFECT OF SETTLEMENT/CONTRIBUTION .................................................... 10
XII. ACCESS TO INFORMATION ................................................................................ 11
XIII. RETENTION OF RECORDS AND CERTIFICATION .......................................... 12
XIV. NOTICES AND SUBMISSIONS ............................................................................ 13
XV. RETENTION OF JURISDICTION .......................................................................... 14
XVI. INTEGRATION/APPENDIX ................................................................................... 14
XVII. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT ............................ 14
XVIII. SIGNATORIES/SERVICE ....................................................................................... 14
XIX. FINAL JUDGMENT ................................................................................................ 15

# I. BACKGROUND

1.      The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9607 ("CERCLA"), seeking reimbursement of response costs incurred or to be incurred for response actions taken or to be taken at or in connection with the release or threatened release of hazardous substances at the Picayune Wood Treating Superfund Site in Picayune, Pearl River County, Mississippi ("the Site").

2.      The defendant who has entered into this Consent Decree ("Settling Defendant") does not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the complaint.

3.      In response to the release or threatened release of hazardous substances at or from the Site, EPA undertook response actions at the Site pursuant to Section 104 of CERCLA, 42 U.S.C. § 9604, and will undertake additional response actions in the future.

4.      In performing response action at the Site, EPA has incurred response costs and will incur additional response costs in the future.

5.      The United States alleges that Settling Defendant is a responsible party pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), and is liable for response costs incurred and to be incurred at the Site.

6.      The United States has reviewed the Financial Information submitted by Settling Defendant to determine whether Settling Defendant is financially able to pay response costs incurred and to be incurred at the Site.   Based upon this Financial Information, the United States has determined that Settling Defendant has limited financial ability to pay for response costs incurred and to be incurred at the Site.

7.      The United States and Settling Defendant agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED and DECREED:

# II. JURISDICTION

8.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendant.   Solely for the purposes of this Consent Decree and the underlying complaint, Settling Defendant waives all objections and defenses that it may have to jurisdiction of the Court or to venue in this District.   Settling Defendant shall not challenge entry or the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

9. This Consent Decree is binding upon the United States and upon Settling Defendant and his heirs, successors, and assigns. Any change in legal status, including, but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendant under this Consent Decree.

## IV. DEFINITIONS

10. Unless otherwise expressly provided in this Consent Decree, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

    a. "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601-9675.

    b. "Consent Decree" shall mean this Consent Decree and all appendices attached hereto. In the event of conflict between this Consent Decree and any appendix, this Consent Decree shall control.

    c. "Day" or "day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

    d. "DOJ" shall mean the United States Department of Justice and its successor departments, agencies, or instrumentalities.

    e. "Effective Date" shall mean the date upon which this Consent Decree is entered by the Court as recorded on the Court docket, or, if the Court instead issues an order approving the Consent Decree, the date such order is recorded on the Court docket.

    f. "EPA" shall mean the United States Environmental Protection Agency and its successor departments, agencies, or instrumentalities.

    g. "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

    h. "Financial Information" shall mean those financial documents identified in *Appendix B*.

      i.      "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

      j.      "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

      k.      "Parties" shall mean the United States and the Settling Defendant.

      l.      "Plaintiff" shall mean the United States.

      m.      "RCRA" shall mean the Solid Waste Disposal Act, 42 U.S.C. §§ 6901-6992 (also known as the Resource Conservation and Recovery Act).

      n.      "Remaining Balance" shall mean any balance due under this consent decree after an initial payment of no less than $1,000,000 has been made within 60 days of the Effective Date, as provided in Paragraph 12.

      o.      "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

      p.      "Settling Defendant" shall mean Stewart Gammill III, an individual residing in the State of Mississippi.

      q.      "Site" shall mean the Picayune Wood Treating Superfund Site located at generally at 403 Davis Street in Picayune, Pearl River County, Mississippi, including and encompassing the areal extent of any contamination or pollution, whether surface, sub-surface or otherwise, that originated or otherwise spread from all or any of the property or facilities located at or operations conducted at the foregoing address.

      r.      "Picayune Wood Treating Special Account" shall mean the special account within the EPA Hazardous Substance Superfund established for the Site by EPA pursuant to Section 122(b)(3) of CERCLA, 42 U.S.C. § 9622(b)(3).

      s.      "State" shall mean the State of Mississippi.

      t.      "United States" shall mean the United States of America and each department, agency, and instrumentality of the United States, including EPA.

## V. STATEMENT OF PURPOSE

11.      By entering into this Consent Decree, the mutual objective of the Parties is for Settling Defendant to make a cash payment to resolve his alleged civil liability for the Site under Sections 106 and 107 of CERCLA, 42 U.S.C. §§ 9606 and 9607, as provided in the Covenants Not

to Sue by Plaintiff in Section VIII, and subject to the Reservations of Rights by United States in Section IX.

## VI.  PAYMENT OF RESPONSE COSTS

12. <u>Payment of Response Costs</u>.  Settling Defendant shall pay to the EPA the principal amount of two million dollars ($2,000,000.00) plus Interest.   Payment of the principal amount shall be made in no more than two installments.   The first installment payment of no less than $1,000,000.00 is due within 60 days after the Effective Date.   Unless the full $2,000,000.00 payment is made within 60 days after the Effective Date, the subsequent installment payment of the Remaining Balance, if any, is due 120 days after the Effective Date.   The second installment payment shall also include an additional sum for Interest accrued on the unpaid portion of the principal amount calculated from the Effective Date until the date of the payment.   The Financial Litigation Unit ("FLU") of the United States Attorney's Office for the Southern District of Mississippi shall send a calculation of the Interest due for each payment to Settling Defendant.   Settling Defendant may pay any installment payment prior to the due date, but must contact the FLU in advance for a determination regarding the amount of Interest to be included with the payment.   In the event any installment payment includes an overpayment, the amount of the overpayment shall be applied to the remaining principal.

13. Settling Defendant shall make payments at https://www.pay.gov to the U.S. Department of Justice account, in accordance with instructions provided to Settling Defendant by the Financial Litigation Unit ("FLU") of the United States Attorney's Office for the Southern District of Mississippi after the Effective Date.   The payment instructions provided by the FLU shall include a Consolidated Debt Collection System ("CDCS") number, which shall be used to identify all payments required to be made in accordance with this Consent Decree.   The FLU shall provide the payment instructions to:

>Glenn Gates Taylor
>Copeland, Cook, Taylor & Bush, P.A.
>Suite 100
>1076 Highland Colony Parkway
>Ridgeland, MS   39157
>>Phone:   (601) 427-1463
>>Email:   GTaylor@CCTB.com

on behalf of Settling Defendant.   Settling Defendant may change the individual to receive payment instructions on his behalf by providing written notice to DOJ and EPA of such change in accordance with Section XIV (Notices and Submissions).

14. At the time of each payment, Settling Defendant shall send notice that payment has been made to DOJ and EPA in accordance with Section XIV (Notices and Submissions), and to the EPA Cincinnati Finance Office by email at acctsreceivable.cinwd@epa.gov, or by mail to:

>EPA Cincinnati Finance Office
>26 Martin Luther King Drive
>Cincinnati, OH   45268

and to:

>Paula V. Painter
>Environmental Protection Specialist
>U.S. EPA Region 4
>61 Forsyth Street, SW
>Atlanta, GA   30303

Such notices shall refer to the CDCS Number, Site/Spill ID Number A4W2, and DOJ Case Number 90-11-2-09451/1.

15. The total amount of each payment to be paid pursuant to Paragraph 12 (Payment of Response Costs) shall be deposited by EPA in the Picayune Wood Treating Special Account to be retained and used to conduct or finance response actions at or in connection with the Site, or to be transferred by EPA to the EPA Hazardous Substance Superfund.

## VII.   FAILURE TO COMPLY WITH CONSENT DECREE

16. <u>Interest on Payments and Accelerated Payments</u>.   If Settling Defendant fails to make any payment required by Paragraph 12 (Payment of Response Costs) by the required due date, all remaining installment payments and all accrued Interest shall become due immediately upon such failure.   Interest shall continue to accrue on any unpaid amounts until the total amount due has been received.

17. <u>Stipulated Penalty</u>.

  a. If any amounts due to EPA under Paragraph 12 are not paid by the required date, Settling Defendant shall be in violation of this Consent Decree and shall pay, as a stipulated penalty, in addition to the Interest required by Paragraphs 12 and 16, one hundred dollars ($100.00) per violation per day that such payment is late.

  b. Stipulated penalties are due and payable within 30 days after the date of the demand for payment of the penalties by EPA.   All payments to EPA under this Paragraph shall be identified as "stipulated penalties" and shall be made by Fedwire Electronic Funds Transfer to:

>Federal Reserve Bank of New York
>ABA = 021030004
>Account = 68010727
>SWIFT address = FRNYUS33
>33 Liberty Street
>New York, NY 10045
>(Field Tag 4200 of the Fedwire message should read
>"D 68010727 Environmental Protection Agency")

and shall refer to the CDCS Number, Site/Spill ID Number A4W2, and DOJ Case Number 90-11-2-09451/1.

  c. At the time of payment, Settling Defendant shall send notice that payment has been made to EPA and DOJ in accordance with Section XIV (Notices and Submissions), and to the EPA Cincinnati Finance Office by email at acctsreceivable.cinwd@epa.gov, or by mail to:

>EPA Cincinnati Finance Office
>26 Martin Luther King Drive
>Cincinnati, OH 45268

and to:

>Paula V. Painter
>Environmental Protection Specialist
>U.S. EPA Region 4
>61 Forsyth Street, SW
>Atlanta, GA 30303

Such notices shall refer to the CDCS Number, Site/Spill ID Number A4W2, and DOJ Case Number 90-11-2-09451/1.

  d. Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendant of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment. Nothing in this Consent Decree shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

  18. If the United States brings an action to enforce this Consent Decree, Settling Defendant shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

  19. Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendant's failure to comply with the requirements of this Consent Decree.

  20. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued

pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse Settling Defendant from payment as required by Section VI or from performance of any other requirements of this Consent Decree.

## VIII. COVENANTS NOT TO SUE BY PLAINTIFF

21. Except as specifically provided in Section IX (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendant pursuant to Sections 106 and 107(a) of CERCLA, 42 U.S.C. §§ 9606 and 9607(a), regarding the Site. With respect to present and future liability, these covenants shall take effect upon receipt by EPA of all amounts required by Paragraph 12 (Payment of Response Costs) and any Interest or stipulated penalties due thereon under Section VII (Failure to Comply with Consent Decree). These covenants not to sue are conditioned upon the satisfactory performance by Settling Defendant of his obligations under this Consent Decree, including but not limited to, payment of all amounts due under Section VI (Payment of Response Costs), and any Interest or stipulated penalties due thereon under Section VII (Failure to Comply with Consent Decree). These covenants not to sue are also conditioned upon the veracity and completeness of the Financial Information provided to EPA by Settling Defendant and the financial, insurance, and indemnity certification made by Settling Defendant in Paragraph 37. If the Financial Information provided by Settling Defendant, or the financial, insurance, or indemnity certification made by Settling Defendant in Paragraph 37, is subsequently determined by EPA to be false or, in any material respect, inaccurate, Settling Defendant shall forfeit all payments made pursuant to this Consent Decree and these covenants not to sue and the contribution protection in Paragraph 29 shall be null and void. Such forfeiture shall not constitute liquidated damages and shall not in any way foreclose the United States' right to pursue any other causes of action arising from Settling Defendant's false or materially inaccurate information. These covenants not to sue extends only to Settling Defendant and do not extend to any other person.

## IX. RESERVATION OF RIGHTS BY UNITED STATES

22. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all matters not expressly included within the Covenants Not to Sue by Plaintiff in Paragraph 21. Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Settling Defendant with respect to:

    a. liability for failure of Settling Defendant to meet a requirement of this Consent Decree;

    b. criminal liability;

    c. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

d. liability based on the ownership or operation of the Site by Settling Defendant when such ownership or operation commences after signature of this Consent Decree by Settling Defendant;

e. liability based on Settling Defendant's transportation, treatment, storage, or disposal, or arrangement for transportation, treatment, storage, or disposal of a hazardous substance or a solid waste at or in connection with the Site, after signature of this Consent Decree by Settling Defendant; and

f. liability arising from the past, present, or future disposal, release or threat of release of a hazardous substance, pollutant, or contaminant outside of the Site.

23. Notwithstanding any other provision of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, the right to reinstitute or reopen this action, or to commence a new action seeking relief other than as provided in this Consent Decree, if the Financial Information provided by Settling Defendant, or the financial, insurance, or indemnity certification made by Settling Defendant in Paragraph 37, is false or, in any material respect, inaccurate.

## X. COVENANTS NOT TO SUE BY SETTLING DEFENDANT

24. Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States or its contractors or employees with respect to the Site and this Consent Decree, including but not limited to:

a. any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b. any claim arising out of response actions at or in connection with the Site, including any claim under the United States Constitution, the Mississippi Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

c. any claim pursuant to Sections 107 or 113 of CERCLA, 42 U.S.C. §§ 9607 or 9613, Section 7002(a) of RCRA, 42 U.S.C. § 6972(a), or state law, relating to the Site.

25. Except as provided in Paragraph 27 (claims against other PRPs) and Paragraph 31 (Res Judicata and other Defenses), these covenants not to sue shall not apply in the event the United States brings a cause of action or issues an order pursuant to any of the reservations set forth in Section IX (Reservations of Rights by United States), other than in Paragraph 22.a (liability for failure to meet a requirement of the Consent Decree) or 22.b (criminal liability), but only to the extent that Settling Defendant's claims arise from the same response action or response costs that the United States is seeking pursuant to the applicable reservation.

26. Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

27. Settling Defendant agrees not to assert any claims and to waive all claims or causes of action (including but not limited to claims or causes of action under Sections 107(a) and 113 of CERCLA) that it may have for response costs relating to the Site against any other person who is a potentially responsible party under CERCLA at the Site. This waiver shall not apply with respect to any defense, claim, or cause of action that Settling Defendant may have against any person if such person asserts a claim or cause of action relating to the Site against Settling Defendant.

## XI. EFFECT OF SETTLEMENT/CONTRIBUTION

28. Except as provided in Paragraph 27 (claims against other PRPs), nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Except as provided in Paragraph 27 (claims against other PRPs), each of the Parties expressly reserves any and all rights (including, but not limited to, under Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and causes of action which it may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto. Nothing in this Consent Decree diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to pursue any such persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

29. The Parties agree, and by entering this Consent Decree this Court finds, that this settlement constitutes a judicially-approved settlement for purposes of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and that Settling Defendant is entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, or as may be otherwise provided by law, for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are all response actions taken or to be taken and all response costs incurred or to be incurred, at or in connection with the Site, by the United States or any other person, except for the State; provided, however, that if the United States exercises rights under the reservations in Section IX (Reservations of Rights by United States), other than in Paragraphs 22.a (liability for failure to meet a requirement of Consent Decree) or 22.b (criminal liability), the "matters addressed" in this Consent Decree will no longer include those response costs or response actions that are within the scope of the exercised reservation.

30. Settling Defendant shall, with respect to any suit or claim brought by it for matters related to this Consent Decree, notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Settling Defendant also shall, with respect to any suit or claim brought against it for matters related to this Consent Decree, notify EPA and DOJ in writing within ten days after service of the complaint or claim upon it. In addition, Settling Defendant shall notify EPA and DOJ within ten days after service or receipt of any Motion for Summary Judgment, and within ten days after receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

31. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenants by Plaintiff set forth in Section VIII.

## XII. ACCESS TO INFORMATION

32. Settling Defendant shall provide to EPA, upon request, copies of all records, reports, or information (including records, reports, documents and other information in electronic form) (hereinafter referred to as "Records") within his possession or control or that of his contractors or agents relating to activities at the Site, including, but not limited to, sampling, analysis, chain of custody records, manifests, trucking logs, receipts, reports, sample traffic routing, correspondence, or other documents or information related to the Site.

33. <u>Confidential Business Information and Privileged Documents</u>.

    a. Settling Defendant may assert business confidentiality claims covering part or all of the Records submitted to Plaintiff under this Consent Decree to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. § 2.203(b). Records determined to be confidential by EPA will be accorded the protection specified in 40 C.F.R. Part 2, Subpart B. If no claim of confidentiality accompanies Records when they are submitted to EPA, or if EPA has notified Settling Defendant that the Records are not confidential under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R. Part 2, Subpart B, the public may be given access to such Records without further notice to Settling Defendant.

    b. Settling Defendant may assert that certain Records are privileged under the attorney-client privilege or any other privilege recognized by federal law, including the joint defense privilege and work product doctrine. If Settling Defendant asserts such a privilege in lieu of providing Records, it shall provide Plaintiff with the following: (1) the title of the Record; (2) the date of the Record; (3) the name, title, affiliation (*e.g.*, company or firm), and address of the author of the Record; (4) the name and title of each addressee and recipient; (5) a description of the subject of the Record; and (6) the privilege asserted. If a claim of privilege applies only to a portion of a Record, the Record shall be provided to the United States in redacted form to mask the privileged portion only. Settling Defendant shall retain all Records that it claims to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in Settling Defendant's favor. However, no Records created or generated pursuant to the requirements of this Consent Decree shall be withheld from the United States on the grounds that they are privileged or confidential.

    c. Settling Defendant does not waive any privilege that may exist for or as to any other defendant in this action, including Lynn Crosby Gammill.

34. No claim of confidentiality or privilege shall be made with respect to any data, including but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, or engineering data, or any other records evidencing conditions at or around the Site, unless such data is subject to a privilege or other protection that is held or enjoyed by Lynn Crosby Gammill.

## XIII. RETENTION OF RECORDS AND CERTIFICATION

35. Until six years after the entry of this Consent Decree, Settling Defendant shall preserve and retain all non-identical copies of Records now in his possession or control, or that come into his possession or control, that relate in any manner to response actions taken at the Site or the liability of any person under CERCLA with respect to the Site, regardless of any corporate retention policy to the contrary.

36. After the conclusion of the document retention period in the preceding Paragraph, Settling Defendant shall notify EPA and DOJ at least 90 days prior to the destruction of any such Records, and, upon request by EPA or DOJ, Settling Defendant shall deliver any such Records to EPA. Settling Defendant may assert that certain Records are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Defendant asserts such a privilege in lieu of providing Records, he shall provide Plaintiff with the following: (a) the title of the Record; (b) the date of the Record; (c) the name, title, affiliation (e.g., company or firm), and address of the author of the Record; (d) the name and title of each addressee and recipient; (e) a description of the subject of the Record; and (f) the privilege asserted. If a claim of privilege applies only to a portion of a Record, the Record shall be provided to the United States in redacted form to mask the privileged portion only. Settling Defendant shall retain all Records that he claims to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in Settling Defendant's favor. However, no Records created or generated pursuant to the requirements of this or any other settlement with EPA pertaining to the Site shall be withheld from the United States on the grounds that they are privileged or confidential.

37. Settling Defendant certifies that, to the best of his knowledge and belief, after thorough inquiry, he has:

   a. not altered, mutilated, discarded, destroyed or otherwise disposed of any Records (other than identical copies) relating to his potential liability regarding the Site since the earlier of notification of potential liability by the United States or the State or the filing of suit against it regarding the Site, and that he has fully complied with any and all EPA requests for information regarding the Site and Settling Defendant's financial circumstances, including but not limited to insurance and indemnity information, pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), Section 3007 of RCRA, 42 U.S.C. § 6927, and state law;

   b. submitted to EPA financial information that fairly, accurately, and materially sets forth his financial circumstances, and that those circumstances have not materially changed between the time the financial information was submitted to EPA and the time Settling Defendant executes this Consent Decree; and

   c. fully disclosed any information regarding the existence of any insurance policies or indemnity agreements that may cover claims relating to cleanup of the Site, and submitted to EPA upon request such insurance policies, indemnity agreements, and information.

## XIV. NOTICES AND SUBMISSIONS

  38. Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Written notice as specified in this Section shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to EPA, DOJ, and Settling Defendant, respectively.

  As to DOJ:

    Chief, Environmental Enforcement Section
    Environment and Natural Resources Division
    U.S. Department of Justice
    Post Office Box 7611
    Washington, DC  20044-7611
     Re: DJ # 90-11-2-09451/1

  As to EPA:

    Stacey A. Haire
    Senior Attorney
    Office of Environmental Accountability
    U.S. EPA Region 4
    61 Forsyth Street, SW
    Atlanta, GA  30303

As to Setting Defendant:

> Glenn Gates Taylor
> Copeland, Cook, Taylor & Bush, P.A.
> Suite 100
> 1076 Highland Colony Parkway
> Ridgeland, MS 39157

## XV. RETENTION OF JURISDICTION

39. This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XVI. INTEGRATION/APPENDIX

40. This Consent Decree and its appendix constitute the final, complete and exclusive agreement and understanding between the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree. The following appendix is attached to and incorporated into this Consent Decree: *Appendix A* is a list of the financial documents submitted to EPA by Settling Defendant.

## XVII. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

41. This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations that indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendant consents to the entry of this Consent Decree without further notice.

42. If for any reason this Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the sole discretion of any Party and the terms of the Consent Decree may not be used as evidence in any litigation between the Parties.

## XVIII. SIGNATORIES/SERVICE

43. Each undersigned representative of Settling Defendant and the Acting Assistant Attorney General for the Environment and Natural Resources Division, United States Department of Justice, certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

44. Settling Defendant agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

45. Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on his behalf with respect to all matters arising under or relating to this Consent Decree. Settling Defendant agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons. The Parties agree that Settling Defendant need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

### XIX. FINAL JUDGMENT

46. Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between the United States and Settling Defendant. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS 17th DAY OF SEPTEMBER, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

Signature Page for Consent Decree Regarding Picayune Wood Treating Superfund Site

**FOR THE UNITED STATES OF AMERICA**:

Date: July 5, 2013      *s/ Robert G. Dreher*
ROBERT G. DREHER
Acting Assistant Attorney General
Environment and Natural Resources Division


*s/ Karl J. Fingerhood*
KARL J. FINGERHOOD (PA Bar ID No. 63260)
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7611
Washington, DC   20044-7611


Gregory K. David
United States Attorney for the Southern District of Mississippi


Crockett Lindsey (MS Bar ID No. 1265)
Assistant United States Attorney
Southern District of Mississippi

16

Signature Page for Consent Decree Regarding Picayune Wood Treating Superfund Site

**FOR THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**:

Date:     4/11/2013          *s/ Franklin E. Hill*
                              Franklin E. Hill, Director
                              Superfund Division
                              U.S. Environmental Protection Agency, Region 4
                              61 Forsyth Street, SW
                              Atlanta, GA   30303


                              *s/ Stacey A. Haire*
                              Stacey A. Haire, Senior Attorney
                              Office of Environmental Accountability
                              U.S. Environmental Protection Agency, Region 4
                              61 Forsyth Street, SW
                              Atlanta, GA   30303

Signature Page for Consent Decree Regarding Picayune Wood Treating Superfund Site

**FOR STEWART GAMMILL III:**

Date:  March 19, 2013              *s/ Stewart Gammill III*
                                    Stewart Gammill III
                                    c/o Glenn Gates Taylor
                                    Copeland, Cook, Taylor & Bush, P.A.
                                    Suite 100
                                    1076 Highland Colony Parkway
                                    Ridgeland, MS   39157