## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

UNITED STATES OF AMERICA, )
       Plaintiff, )
          )
   v.        )  Civil No. 1:12-cv-134 HSO-RHW
STEWART GAMMILL III, and  )
LYNN CROSBY GAMMILL,  )
      Defendants. )

## CONSENT DECREE FOR THE PICAYUNE WOOD TREATING SUPERFUND SITE

## TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | BACKGROUND | 2 |
| II. | JURISDICTION | 2 |
| III. | PARTIES BOUND | 2 |
| IV. | DEFINITIONS | 3 |
| V. | STATEMENT OF PURPOSE | 5 |
| VI. | PAYMENT OF RESPONSE COSTS | 5 |
| VII. | FAILURE TO COMPLY WITH CONSENT DECREE | 6 |
| VIII. | COVENANTS BY PLAINTIFF | 7 |
| IX. | RESERVATION OF RIGHTS BY UNITED STATES | 8 |
| X. | COVENANTS BY SETTLING DEFENDANT | 9 |
| XI. | EFFECT OF SETTLEMENT/CONTRIBUTION | 9 |
| XII. | PROPERTY REQUIREMENTS | 11 |
| XIII. | RETENTION OF RECORDS | 12 |
| XIV. | NOTICES AND SUBMISSIONS | 13 |
| XV. | RETENTION OF JURISDICTION | 14 |
| XVI. | INTEGRATION | 14 |
| XVII. | LODGING AND OPPORTUNITY FOR PUBLIC COMMENT | 14 |
| XVIII. | SIGNATORIES/SERVICE | 14 |
| XIX. | FINAL JUDGMENT | 15 |

## I.    BACKGROUND

A.    The United States of America ("United States"), on behalf of the Administrator of the U.S. Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9607 ("CERCLA"), seeking reimbursement of response costs incurred or to be incurred for response actions taken or to be taken at or in connection with the release or threatened release of hazardous substances at the Picayune Wood Treating Superfund Site in Picayune, Pearl River County, Mississippi ("the Site").

B.    In response to the release or threatened release of hazardous substances at or from the Site, EPA undertook response actions at the Site pursuant to Section 104 of CERCLA, 42 U.S.C. § 9604, and will undertake additional response actions in the future.

C.    In performing response actions at the Site, EPA has incurred response costs and will incur additional response costs in the future.

D.    The United States alleges that Settling Defendant is a responsible party pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a) and is liable for response costs incurred and to be incurred at the Site.

E.    The defendant who has entered into this Consent Decree ("Settling Defendant") does not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the complaint.

F.    The United States and Settling Defendant agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter without further litigation and without the admission or adjudication of any issue of fact or law is appropriate and will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II.    JURISDICTION

1.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendant. Solely for the purposes of this Consent Decree and the underlying complaint, Settling Defendant waives all objections and defenses that she may have to jurisdiction of the Court or to venue in this District. Settling Defendant shall not challenge entry or the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III.    PARTIES BOUND

2.    This Consent Decree is binding upon the United States and upon Settling Defendant and her heirs, successors, and assigns. Any change in ownership or corporate or other

2

$\mathcal{P} \mathcal{C} \mathcal{A}$

legal status, including, but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendant under this Consent Decree.

## IV. DEFINITIONS

3. Unless otherwise expressly provided in this Consent Decree, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or its appendices, the following definitions shall apply:

a. "Affected Property" shall mean that parcel of real property that is part of the Northwest One-quarter of the Southeast One-quarter of Section 15, Township 6 South, Range 17 West, Pearl River County, Mississippi, and specifically including the following parcel of land located therein:

> Commencing at the Northeast corner of the Northwest One-quarter of the Southeast One-quarter of Section 15, Township 6 South, Range 17 West, Pearl River County, Mississippi; thence South 720.00 feet to the point of beginning; thence South 200.00 feet to a point near a fence; thence West 125.00 feet; thence South 250.00 feet to a 2" pipe; thence West 400.00 feet; thence North 150.00 feet; thence West 250.00 feet; thence South 150.00 feet; thence West 559.00 feet to the east margin of a gravel road; thence North 115.00 feet along said margin; thence West 15.00 feet along the north margin of gravel drive; thence North 385.00 feet; thence East 600.00 feet; thence South 50.00 feet; thence East 749.00 feet to the point of beginning. This parcel contains 13.01 acres, more or less, and is a part of the Southeast One-quarter of Section 15, Township 6 South, Range 17 West, Pearl River County, Mississippi.

The Affected Property is part of the Site and is shown, generally, on the map attached as *Appendix A*.

b. "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601-9675.

c. "Consent Decree" shall mean this Consent Decree and all appendices attached hereto. In the event of conflict between this Consent Decree and any appendix, this Consent Decree shall control.

d. "Day" or "day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal or state holiday, the period shall run until the close of business of the next working day.

e. "DOJ" shall mean the U.S. Department of Justice and its successor departments, agencies, or instrumentalities.

f. "Effective Date" shall mean the date upon which approval of this Consent Decree is recorded on the Court's docket.



3

g.     "EPA" shall mean the U.S. Environmental Protection Agency and its successor departments, agencies, or instrumentalities.

h.     "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

i.     "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

j.     "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

k.     "Parties" shall mean the United States and Settling Defendant.

l.     "Picayune Wood Treating Site Special Account" shall mean the special account, within the EPA Hazardous Substance Superfund, established for the Site by EPA pursuant to Section 122(b)(3) of CERCLA, 42 U.S.C. § 9622(b)(3), and first used to deposit funds payable under a separate consent decree entered in this litigation with the defendant Stewart Gammill, III.

m.     "Plaintiff" shall mean the United States.

n.     "RCRA" shall mean the Solid Waste Disposal Act, 42 U.S.C. §§ 6901-6992, also known as the Resource Conservation and Recovery Act.

o.     "Record of Decision" or "ROD" shall mean the EPA Record of Decision relating to the Site signed on September 26, 2007, by the Director of the Superfund Division, EPA Region 4, and all attachments thereto, as modified by that Explanation of Significant Differences issued by the EPA on June 12, 2013.

p.     "Remedial Action" shall mean all activities required to implement the ROD in accordance with the final remedial design, including implementation of institutional controls, until the performance standards are met.

q.     "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

r.     "Settling Defendant" shall mean Lynn Crosby Gammill, an individual residing in the State of Mississippi.

s.     "Site" shall mean the Picayune Wood Treating Superfund Site located generally at 403 Davis Street in Picayune, Pearl River County, Mississippi, including and encompassing the areal extent of any contamination or pollution, whether surface, sub-surface or otherwise, that originated or otherwise spread from all or any of the property or facilities located at or operations conducted at the foregoing address.

t.     "State" shall mean the State of Mississippi.

4



u.      "United States" shall mean the United States of America and each
department, agency, and instrumentality of the United States, including EPA.

## V.      STATEMENT OF PURPOSE

4.      By entering into this Consent Decree, the mutual objective of the Parties is for
Settling Defendant to make a cash payment to resolve her alleged civil liability with regard to the
Site under Sections 106 and 107 of CERCLA, 42 U.S.C. §§ 9606 and 9607, as provided in the
Covenants by Plaintiff in Section VIII, subject to the Reservations of Rights by United States in
Section IX.

## VI.     PAYMENT OF RESPONSE COSTS

5.      Payment by Settling Defendant.  Settling Defendant shall pay to the EPA the
principal amount of one million, seven hundred twenty-three thousand, seven hundred twenty-
two dollars ($1,723,722.00) plus Interest. Payment of the principal amount shall be made in no
more than two installments. The first installment payment of no less than five hundred seventy-
four thousand, five hundred seventy four dollars ($574,574.00) is due within 30 days after the
Effective Date. Unless the full $1,723,722.00 payment is made within 30 days after the
Effective Date, the remaining balance is due 365 days after the Effective Date. However, the
second installment payment shall include an additional sum for Interest accrued on the unpaid
portion of the principal amount calculated from the Effective Date until the date of the
payment. Settling Defendant must contact the Financial Litigation Unit ("FLU") of the United
States Attorney's Office for the Southern District of Mississippi in advance of the second
installment payment for a determination regarding the amount of Interest to be included with the
payment.

6.      Settling Defendant shall make payment at https://www.pay.gov to the U.S.
Department of Justice account, in accordance with instructions provided to Settling Defendant by
the FLU of the U.S. Attorney's Office for the Southern District of Mississippi after the Effective
Date. The payment instructions provided by the FLU shall include a Consolidated Debt
Collection System ("CDCS") number, which shall be used to identify all payments required to be
made in accordance with this Consent Decree. The FLU shall provide the payment instructions
to:

> Glenn Gates Taylor
> Copeland, Cook, Taylor & Bush, P.A.
> Suite 100
> 1076 Highland Colony Parkway
> Ridgeland, MS 39157
>       Phone: (601) 427-1463
>       Email: GTaylor@CCTB.com

on behalf of Settling Defendant. Settling Defendant may change the individual to receive
payment instructions on her behalf by providing written notice of such change to DOJ and EPA
in accordance with Section XIV (Notices and Submissions).

7.     Deposit of Payment. The total amount to be paid pursuant to Paragraph 5 shall be deposited by EPA in the Picayune Wood Treating Site Special Account to be retained and used to conduct or finance response actions at or in connection with the Site, or to be transferred by EPA to the EPA Hazardous Substance Superfund.

8.     Notice of Payment. At the time of each payment. Settling Defendant shall send notice that payment has been made: (a) to EPA in accordance with Section XIV (Notices and Submissions); (b) to DOJ by email or by mail in accordance with Section XIV (Notices and Submissions); (c) to the EPA Cincinnati Finance Office by email or by regular mail at:

Email:             cinwd_acctsreceivable@epa.gov

Regular mail:      EPA Cincinnati Finance Office
                   26 West Martin Luther King Drive
                   Cincinnati, Ohio 45268

and (d) to Paula V. Painter by regular mail at:

                   Paula V. Painter
                   Environmental Protection Specialist
                   U.S. EPA Region 4
                   61 Forsyth Street, SW
                   Atlanta, GA 30303

Such notices shall refer to the CDCS Number, Site/Spill ID Number A4W2, and DOJ Case Number 90-11-2-09451/1.

## VII.   FAILURE TO COMPLY WITH CONSENT DECREE

9.     Interest on Late Payments. If Settling Defendant fails to make any payment required by Paragraph 5 by the required due date, all remaining installment payments and all accrued Interest shall become due immediately upon such failure, and if the first payment is not timely made, Interest shall accrue from the Effective Date. Interest shall continue to accrue on any unpaid amounts until the total amount due has been received.

10.    Stipulated Penalty.

       a.     If any amounts due under Paragraph 5 are not paid by the required due date, Settling Defendant shall be in violation of this Consent Decree and shall pay, as a stipulated penalty, in addition to the Interest required by Paragraph 9, one hundred dollars ($100.00) per violation per day that such payment is late.

       b.     If Settling Defendant does not comply with the obligations contained in Section XII (Property Requirements), Settling Defendant shall be in violation of this Consent Decree and shall pay to EPA, as a stipulated penalty, one hundred dollars ($100.00) per violation per day of such noncompliance.

6


c.     Stipulated penalties are due and payable within 30 days after the date of the demand for payment of the penalties by EPA. All payments to EPA under this Paragraph shall be identified as "stipulated penalties" and shall be made by Fedwire Electronic Funds Transfer to:

> Federal Reserve Bank of New York
> ABA = 021030004
> Account = 68010727
> SWIFT address = FRNYUS33
> 33 Liberty Street
> New York, NY 10045

Field Tag 4200 of the Fedwire message should read "D 68010727 Environmental Protection Agency"

and shall refer to the CDCS Number, Site/Spill ID Number A4W2, and DOJ Case Number 90-11-2-09451/1.

d.     At the time of payment, Settling Defendant shall send notice to EPA and DOJ, as provided in Paragraph 8, that payment has been made.

e.     Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendant of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment or performance is due or the day a violation occurs, and shall continue to accrue through the date of payment or the final day of correction of the noncompliance or completion of the activity. Nothing in this Consent Decree shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

11.    If the United States brings an action to enforce this Consent Decree, Settling Defendant shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

12.    Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendant's failure to comply with the requirements of this Consent Decree.

13.    Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse Settling Defendant from payment as required by Section VI (Payment of Response Costs) or from performance of any other requirements of this Consent Decree.

## VIII.  COVENANTS BY PLAINTIFF

14.    Covenants for Settling Defendant by United States. Except as specifically provided in Section IX (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendant pursuant to Sections 106 and

7

107(a) of CERCLA, 42 U.S.C. §§ 9606 and 9607(a), with regard to the Site. With respect to present and future liability, these covenants shall take effect upon the Effective Date. These covenants are conditioned upon the satisfactory performance by Settling Defendant of her obligations under this Consent Decree. These covenants extend only to Settling Defendant and do not extend to any other person.

## IX. RESERVATION OF RIGHTS BY UNITED STATES

15.     The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all matters not expressly included within Paragraph 14 (Covenants for Settling Defendant by United States). Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Settling Defendant with respect to:

a.     liability for failure of Settling Defendant to meet a requirement of this Consent Decree;

b.     criminal liability;

c.     liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

d.     liability based on the ownership or operation of the Site by Settling Defendant when such ownership or operation commences after signature of this Consent Decree by Settling Defendant;

e.     liability based on Settling Defendant's transportation, treatment, storage, or disposal, or arrangement for transportation, treatment, storage, or disposal of a hazardous substance or a solid waste at or in connection with the Site, after signature of this Consent Decree by Settling Defendant; and

f.     liability arising from the past, present, or future disposal, release or threat of release of a hazardous substance, pollutant, or contaminant outside of the Site.

16.     Notwithstanding any other provision of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, the right to institute proceedings in this action or in a new action, and/or to issue an administrative order, seeking to compel Settling Defendant to perform response actions relating to the Site and/or to pay the United States for additional costs of response if:

a.     conditions at the Site, previously unknown to EPA, are discovered or information previously unknown to EPA is received, in whole or in part; and

b.     EPA determines that these previously unknown conditions or this information together with other relevant information indicate that the Remedial Action is not protective of human health or the environment.

17.     For purposes of Paragraph 16, the information and the conditions known to EPA shall include only that information and those conditions that are known to EPA as of the

8

Effective Date and that are set forth in the ROD, the administrative record supporting the ROD, and the post-ROD administrative record.

## X. COVENANTS BY SETTLING DEFENDANT

18. Covenants by Settling Defendant. Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States or its contractors or employees, with respect to the Site and this Consent Decree, including but not limited to:

a. any direct or indirect claim for reimbursement from the EPA Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b. any claim arising out of response actions at or in connection with the Site, including any claim under the United States Constitution, the Mississippi Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, or at common law; or

c. any claim pursuant to Sections 107 or 113 of CERCLA, 42 U.S.C. §§ 9607 or 9613, Section 7002(a) of RCRA, 42 U.S.C. § 6972(a), or state law relating to the Site.

19. Except as provided in Paragraph 21 (claims against other PRPs) and Paragraph 26 (res judicata and other defenses), the covenants in this Section shall not apply in the event the United States brings a cause of action or issues an order pursuant to any of the reservations in Section IX (Reservations of Rights by United States), other than in Paragraph 15.a (liability for failure to meet a requirement of the Consent Decree) or 15.b (criminal liability), but only to the extent that Settling Defendant's claims arise from the same response action or response costs that the United States is seeking pursuant to the applicable reservation.

20. Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

21. Settling Defendant agrees not to assert any claims and to waive all claims or causes of action (including but not limited to claims or causes of action under Sections 107(a) and 113 of CERCLA) that she may have for response costs relating to the Site against any other person who is a potentially responsible party under CERCLA at the Site. This waiver shall not apply with respect to any defense, claim, or cause of action that Settling Defendant may have against any person if such person asserts a claim or cause of action relating to the Site against Settling Defendant.

## XI. EFFECT OF SETTLEMENT/CONTRIBUTION

22. Except as provided in Paragraph 21 (claims against other PRPs), nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Except as provided in Section X (Covenants by Settling Defendant), each of the Parties expressly reserves any and all rights (including, but not limited to, under Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and

9



causes of action that it may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto. Nothing in this Consent Decree diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to pursue any such persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

23.     The Parties agree, and by entering this Consent Decree this Court finds, that this Consent Decree constitutes a judicially-approved settlement pursuant to which Settling Defendant has, as of the Effective Date, resolved liability to the United States within the meaning of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and is entitled to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, or as may be otherwise provided by law, for the "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are all response actions taken or to be taken and all response costs incurred or to be incurred, at or in connection with the Site, by the United States or any other person, except for the State; provided, however, that if the United States exercises rights under the reservations in Section IX (Reservations of Rights by United States), other than in Paragraph 15.a (liability for failure to meet a requirement of the Consent Decree) or 15.b (criminal liability), the "matters addressed" in this Consent Decree will no longer include those response costs or response actions that are within the scope of the exercised reservation.

24.     In the event that Settling Defendant's waiver of claims becomes inapplicable in accordance with Paragraph 21, the Parties further agree, and by entering this Consent Decree this Court finds, that the complaint filed by the United States in this action is a civil action within the meaning of Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), and that this Consent Decree constitutes a judicially-approved settlement pursuant to which Settling Defendant has, as of the Effective Date, resolved liability to the United States within the meaning of Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B).

25.     Settling Defendant shall, with respect to any suit or claim brought by her for matters related to this Consent Decree, notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Settling Defendant also shall, with respect to any suit or claim brought against her for matters related to this Consent Decree, notify EPA and DOJ in writing within ten days after service of the complaint or claim upon her. In addition, Settling Defendant shall notify EPA and DOJ within ten days after service or receipt of any Motion for Summary Judgment, and within ten days after receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

26.     In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenants by Plaintiff set forth in Section VIII.

10

$\mathcal{JCH}$

## XII. PROPERTY REQUIREMENTS

27. The Parties acknowledge that title to the Affected Property is not clear and that there is a dispute over whom in the chain of title owns which portion of the Affected Property outside of approximately 1.7 acres, more or less.

28. Agreements Regarding Access and Non-Interference. Settling Defendant shall, with respect to that part of the Affected Property that she admits to owning:

a. Provide the United States and its representatives, contractors, and subcontractors with access at all reasonable times to conduct any activity relating to response actions at the Site including the following activities:

(1) Verifying any data or information submitted to the United States;

(2) Conducting investigations regarding contamination at or near the Site;

(3) Obtaining samples;

(4) Assessing the need for, planning, implementing, or monitoring response actions;

(5) Inspecting and copying records, operating logs, contracts, or other documents maintained or generated by Settling Defendant or its agents, consistent with Section XIII (Retention of Records);

(6) Assessing Settling Defendant's compliance with the Consent Decree;

(7) Determining whether the Affected Property is being used in a manner that is prohibited or restricted, or that may need to be prohibited or restricted, under the Consent Decree; and

(8) Implementing, monitoring, maintaining, reporting on, and enforcing any institutional controls or any land, water, or other resource use restrictions regarding the Affected Property.

b. Refrain from using the Affected Property in any manner that EPA determines will: (i) pose an unacceptable risk to human health or to the environment due to exposure to hazardous substances; or (ii) interfere with or adversely affect the implementation, integrity, or protectiveness of response actions at the Site, including the following restrictions:

(1) The groundwater shall not be used for any purpose;

(2) There shall be no drilling of any wells, including monitoring wells, unless pre-approved by the State or EPA;

11



(3) There shall be no interference with or damage done to the groundwater monitoring system, including monitoring wells, piping, or other such remedial technology used in the response actions; and

    (4) The following land-disturbing activities are expressly prohibited:

        (a) Excavation;

        (b) Grading;

        (c) Disturbing, taking up, or breaking through the existing concrete slabs; and

        (d) Taking any action that could damage or interfere with the engineered containment cell, soil cover system, or storm or surface water management system.

## XIII. RETENTION OF RECORDS

29. Until six years after the Effective Date, Settling Defendant shall preserve and retain all non-identical copies of records, reports, documents, or information (hereinafter referred to as "Records") (including records in electronic form) now in her possession or control, or that come into her possession or control, that relate in any manner to her liability under CERCLA with respect to the Site, plus all Records that relate to the liability of any other person under CERCLA with respect to the Site.

30. After the conclusion of the document retention period in the preceding paragraph, Settling Defendant shall notify EPA and DOJ at least 90 days prior to the destruction of any such Records, and, upon request by EPA or DOJ, except as provided in Paragraph 31 (Privileged and Protected Claims), Settling Defendant shall deliver any such Records to EPA.

31. Privileged and Protected Claims.

    a. Settling Defendant may assert that all or part of a Record is privileged or protected as provided under federal law, provided she complies with Paragraph 31.b, and except as provided in Paragraph 31.c.

    b. If Settling Defendant asserts a claim of privilege or protection, she shall provide Plaintiff with the following information regarding such Record: its title; its date; the name, title, affiliation (e.g., company or firm), and address of the author, each addressee, and of each recipient; a description of the Record's contents; and the privilege or protection asserted. If a claim of privilege or protection applies only to a portion of a Record, Settling Defendant shall provide the Record to Plaintiff in redacted form to mask the privileged or protected information only. Settling Defendant shall retain all Records that she claims to be privileged or protected until the United States has had a reasonable opportunity to dispute the privilege or protection claim and any such dispute has been resolved in the Settling Defendant's favor.

    c. Settling Defendant may make no claim of privilege or protection regarding:



(1)     any data regarding the Site, including but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, radiological, or engineering data, or the portion of any other Record that evidences conditions at or around the Site; or

(2)     the portion of any Record that Settling Defendant is required to create or generate pursuant to this Consent Decree.

32.     Business Confidential Claims. Settling Defendant may assert that all or part of a Record submitted to Plaintiff under this Section or Section XIII (Retention of Records) is business confidential to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. 2.203(b). Settling Defendant shall segregate and clearly identify all Records or parts thereof submitted under this Consent Decree for which Settling Defendant asserts a business confidentiality claim. Records submitted to EPA determined to be confidential by EPA will be accorded the protection specified in 40 C.F.R. Part 2, Subpart B. If no claim of confidentiality accompanies Records when they are submitted to EPA, or if EPA has notified Settling Defendant that the Records are not confidential under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R. Part 2 Subpart B, the public may be given access to such Records without further notice to Settling Defendant.

33.     Settling Defendant certifies that, to the best of her knowledge and belief, after thorough inquiry, she has not altered, mutilated, discarded, destroyed or otherwise disposed of any Records (other than identical copies) relating to her potential liability regarding the Site since notification of potential liability by the United States or the State and that she has fully complied with any and all EPA and State requests for information regarding the Site pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6927, and state law.

# XIV.  NOTICES AND SUBMISSIONS

34.     Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Written notice as specified in this Section shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to EPA, DOJ, and Settling Defendant, respectively.

As to DOJ by email:      eescasemanagement.enrd@usdoj.gov

As to DOJ by mail:       EES Case Management Unit
                         U.S. Department of Justice
                         Environment and Natural Resources Division
                         Post Office Box 7611
                         Washington, D.C. 20044-7611
                         Re: DJ # 90-11-2-09451/1

13



As to EPA:                  Stacey A. Haire
                            Senior Attorney
                            Office of Environmental Accountability
                            U.S. EPA Region 4
                            61 Forsyth Street, SW
                            Atlanta, GA 30303

As to Settling Defendant:   Glenn Gates Taylor
                            Copeland, Cook, Taylor & Bush, P.A.
                            Suite 100
                            1076 Highland Colony Parkway
                            Ridgeland, MS 39157

## XV. RETENTION OF JURISDICTION

35.    This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XVI. INTEGRATION/APPENDIX

36.    This Consent Decree and its appendix constitute the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree. The following appendix is attached to and incorporated into this Consent Decree: *Appendix A* is a map of the Affected Property.

## XVII. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

37.    This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations that indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendant consents to the entry of this Consent Decree without further notice.

38.    If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVIII. SIGNATORIES/SERVICE

39.    Each undersigned representative of Settling Defendant and the Assistant Attorney General, U.S. Department of Justice, Environment and Natural Resources Division, or his/her designee certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

14

Case 1:12-cv-00134-HSO-RHW   Document 34   Filed 07/27/15   Page 16 of 20

40.     Settling Defendant agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

41.     Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on her behalf with respect to all matters arising under or relating to this Consent Decree. The Parties agree that Settling Defendant need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XIX.  FINAL JUDGMENT

42.     Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between the United States and Settling Defendant. The Court enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS ___27th___ DAY OF ___July_____, 2015.

United States District Judge

15

Signature Page for Consent Decree Regarding Picayune Wood Treating Superfund Site

**FOR THE UNITED STATES OF AMERICA**:

s/John C. Cruden

John C. Cruden DC Bar Number: 261321
Attorney for Plaintiff
Assistant Attorney General
Environment and Natural Resources Division
United States Department Of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 514-2701
Fax: (202) 514-0557
E-mail: john.cruden@usdoj.gov

s/Cheryl A. Luke

Cheryl A. Luke VA Bar Number: 26331
Attorney for Plaintiff
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 514-5466
Fax: (202) 616-2427
E-mail: cheryl.luke@usdoj.gov

Gregory K. David
United States Attorney for the
Southern District of Mississippi

Stephen R. Graben (MBN No. 4931)
Assistant United States Attorney
Southern District of Mississippi

16

Signature Page for Consent Decree Regarding Picayune Wood Treating Superfund Site

FOR THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY:

Date: 6/2/15

Franklin E. Hill, Director
Superfund Division
U.S. Environmental Protection Agency, Region 4
61 Forsyth Street, SW
Atlanta, GA 30303

Stacey A. Haffe, Senior Attorney
Office of Environmental Accountability
U.S. Environmental Protection Agency, Region 4
61 Forsyth Street, SW
Atlanta, GA 30303

17

Signature Page for Consent Decree Regarding Picayune Wood Treating Superfund Site

**FOR LYNN CROSBY GAMMILL:**

Date: 4/23/15

Lynn Crosby Gammill
c/o Glenn Gates Taylor
Copeland, Cook, Taylor & Bush, P.A.
Suite 100
1076 Highland Colony Parkway
Ridgeland, MS 39157

AUTHORIZED AGENT FOR SERVICE OF PROCESS

Glenn Gates Taylor
Copeland, Cook, Taylor & Bush, P.A.
1076 Highland Colony Parkway
Concourse 600, Suite 100
Ridgeland, MS 39157

18
SCH



-APPENDIX A- to Consent Decree
For The Picayune Woodtreating
Superfund Site

PICAYUNE WOOD TREATING
SUPERFUND SITE

THE SITE
CONTAINMENT CELLS
EXTENT PLUMES
THE AFFECTED PROPERTY
XXXX_PICAYUNE_SITE

– 19 –